UNITED STATES of America and Edward P. Cory, Revenue Agent, Internal Revenue Service, Petitioners,

v.

SUN FIRST NATIONAL BANK OF ORLANDO and Clifford M. Hames, Vice President and Trust Officer, Respondents.

No. 73-321-Orl-Civ-Y.

United States District Court,
M. D. Florida,
Orlando Division.

Jan. 11, 1974.

John L. Briggs, U. S. Atty., Orlando, Fla., for petitioners.

J. Thomas Cardwell, Akerman, Senterfitt, Eidson & Wharton, Orlando, Fla., for respondents.

ORDER

GEORGE C. YOUNG, Chief Judge.

This cause came on before the Court for hearing on the Government's petition to enforce an Internal Revenue summons directed to Clifford M. Hames, Vice President and Trust Officer, Sun First National Bank of Orlando. The summons required Hames to produce certain documents in the Bank's possession relating to thirty-two (32) specific trust accounts in order that Internal Revenue agents could examine them to determine if all tax liabilities for the various trusts had been properly submitted to the Internal Revenue Service.

At the hearing Internal Revenue agent Edward P. Cory testified that the IRS had been conducting an audit of the First at Orlando Corporation, of which

the Sun First National Bank of Orlando is a subsidiary. While conducting this audit, Agent Cory randomly selected the thirty-two (32) trust accounts in question from a group of approximately one hundred fifty (150) such trusts in order to ascertain if the interest equalization tax statute were applicable, and if so, whether such tax had been paid by each such trust. Pursuant to this aspect of the examination, Agent Cory requested the Bank to produce for his inspection the retained copies of Form 1041 (fiduciary income tax return) filed by the bank as Trustee for the thirty-two (32) specific trust accounts for the years 1970 and 1971. The bank, acting on advice of counsel, declined to comply with this request, and Agent Cory thereupon determined that an audit of the income tax liabilities of each of the individual trust accounts would be necessary. The summons in question was issued as a result of this determination by Agent Cory. The bank again declined to comply with the request by the agent. Information regarding the audit of these particular trust accounts and the bank's refusal to comply with the summons was thereupon forwarded to the Justice Department, Tax Division, where a decision was apparently reached to have the U. S. Attorney's Office seek to have the summons enforced against the Bank and Hames. This proceeding resulted.

■ After having considered the file and the briefs therein, as well as the testimony and argument of counsel at the hearing, this Court concludes that a liberal interpretation is to be afforded the right of the Internal Revenue Service to secure documents such as those sought in this case. United States v. Powell, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). In that case the majority permitted the IRS to secure the tax related documents sought even though the statute of limitations had run and there had been no showing of fraud such as would permit a recovery of a deficiency for years prior to the period specified in the statute of limitations. In addition, it was a second audit, but the Court found no abuse of the Court's process.

■ The Government need only show that a good faith audit is under way as to the tax liability concerning which the documents are sought; the information sought must be likely to be relevant and material to the investigation under way. In this case the Court has heard the testimony of the agent concerning the audit and the representation of the Assistant U. S. Attorney that the Tax Division of the Justice Department has directed that enforcement of this summons be sought in the Courts. Consequently this Court concludes that there is a sufficient audit under way as to each of the trust accounts specified in the summons so as to permit these documents to be secured by the Internal Revenue Service. Upon consideration therefore, it is

Ordered that the petition to enforce the Internal Revenue summons be and is hereby granted and Clifford M. Hames, Vice President and Trust Officer, Sun First National Bank of Orlando shall produce for examination by Internal Revenue Agent Edward P. Cory the documents specified in the summons at issue, a copy of which is attached to the petition herein, and such production shall be made at a place and time to be agreed upon by counsel; if such agreement cannot be reached within ten (10) days from date hereof, this Court, upon application by either party, will set by order a time and place.